Stanley WEISKOPF, Sr., et al.

v.

Jimmy BOND, et al.

Civ. A. Nos. 88–5638, 89–1502.

United States District Court,
E.D. Louisiana.

June 27, 1990.

---

Hugh P. Lambert, Linda J. Nelson, Lambert & Nelson, New Orleans, La., for plaintiffs.

David V. Batt, David I. Bordelon, Lobman, Carnahan & Batt, Metairie, La., for defendants.

MENTZ, District Judge.

### ORDER AND REASONS

Before the Court is the motion *in limine* of the plaintiff to limit the testimony of certain individuals on the defendant State Farm's will-call witness list. After reviewing the motion, memoranda of counsel, the record, and the law, the Court grants the motion insofar as it relates to the defendant's allegation of fraud. However, should the plaintiffs pursue their case for punitive damages, the evidence will be admitted with strict limiting instructions as justification for the defendant's refusal to tender uninsured motorist benefits to the plaintiff within 60 days as required by Louisiana Revised Statute 22:658. The extrinsic act evidence will not be admitted to prove fraud by the plaintiffs for reasons set forth below.

### FACTS

The plaintiffs in this case were involved in an automobile accident in which their car was rear-ended by the Bond vehicle. The plaintiffs and the Bonds are acquainted. Shortly before the incident, the limits on the insurance policies on both vehicles were increased significantly. Additionally, most of the plaintiffs applied for disability and health insurance policies prior to the accident. The policy at issue in this case is a State Farm Mutual Automobile Insurance Company policy covering Julie Weiskopf Marshall, the owner and operator of the stricken car. State Farm has refused to provide coverage to Julie Weiskopf Marshall despite the defendant Bond's admission of negligence, resulting in this suit.

State Farm alleges fraud as an affirmative defense of its refusal to provide coverage to Julie Weiskopf Marshall. State Farm bases its allegation of fraud on the insurance policy activity immediately prior to the accident and evidence of other similar automobile accidents involving the plaintiffs, their business associates, friends, and relatives. In support of its claim of fraud, State Farm has a list of witnesses who will testify in regard to the similar past accidents, including accidents in which the plaintiffs themselves were not involved. The plaintiffs argue that only testimony involving the plaintiffs and the present accident should be heard.

### DISCUSSION

Under Federal Rule of Evidence 404(b), evidence of other similar acts, although inadmissible "to prove the character of a person in order to show action in conformity therewith," may be admissible as proof of motive, intent, or plan. Fed.R.Evid. 404(b). In this instance, the defendant seeks to introduce evidence both of similar accidents involving the plaintiffs and of similar accidents involving people other than the plaintiffs.

■ The first question to be answered is whether such extrinsic evidence is relevant to an issue other than the plaintiffs' characters. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978). Obviously, the similarity of the extrinsic act to the offense charged bears directly on the relevancy of the extrinsic act evidence. For example, if the evidence of past acts is

going to show intent, the evidence of the past acts is relevant only if the state of mind in the extrinsic act was the same as that charged in the present act. *Id.* In this case, the defendants seek to introduce extrinsic act evidence to show modus operandi. The evidence will be relevant if it shows that in the past the plaintiffs have been involved in similar accidents surrounded by similar circumstances regarding insurance. After reviewing the defendant's memoranda, this Court finds the defendants intend to use the will-call witnesses to establish the occurrence of similar accidents involving, in many cases, some of the plaintiffs. Additionally, the defendant's witnesses will be used to show a similar pattern of insurance activity prior to each past accident. As such, the evidence appears to satisfy the relevancy prong.

After determining that the evidence is relevant to an issue other than the characters of the plaintiffs, the Court must ensure that the probative value of the evidence is not substantially outweighed by any prejudicial effect. *Id.* at 913; Fed.R. of Evid. 403. What is measured is the incremental benefit of admitting the extrinsic act evidence; if the defendant already has a strong case proving the plaintiffs' modus operandi, the evidence would be excluded more readily. *Beechum,* 582 F.2d at 914. "The weighing of the probative value of the evidence against its prejudicial impact is committed to the sound discretion of the district court." *Dial v. Travelers Indem. Co.,* 780 F.2d 520 (5th Cir.1986). The testimony of the defendant's witnesses regarding past acts by the plaintiffs is clearly integral to defendant's allegation of fraud; the defendant will attempt through these witnesses to show a pattern of fraudulent behavior by the plaintiffs. The extrinsic act evidence is markedly similar to the present accident and thus has high probative value regarding the modus operandi issue. Whatever undue prejudice that might result from admitting the evidence is certainly not enough so as to substantially outweigh the highly probative nature of the evidence. Any danger of undue prejudice can be minimized through limiting instructions to the jury specifying that sim-

ilar acts evidence is to be used only to show modus operandi.

The last step in determining admissibility is showing that the past act did in fact occur and that the party against whom the evidence is to be used also committed the offense. *Beechum,* 582 F.2d at 912–13. Despite the defendant's argument to the contrary, defendant must show that the plaintiffs themselves committed the extrinsic act. The defendant claims that *Dial v. Travelers Indemnity Co.,* 780 F.2d 520 (5th Cir.1986), supports its position. In *Dial,* the insured brought suit against the insurance company to recover under a fire policy. The insurance company refused to pay, alleging arson by the insured. In support of its claim of arson, the defendant insurance company introduced evidence of two subsequent fires allegedly begun by Dial on property owned by the plaintiff's father. The extrinsic act evidence offered by the defendant was that Dial himself had set both subsequent fires. The relevancy of the evidence was challenged only because Dial did not receive a direct financial benefit from the alleged arson. Although Dial was not the beneficiary of the policies on the father's property, the court held that the evidence was relevant. *Id.* at 524. The court stated that the close personal and business relationship between Dial and his father "could easily indicate intent and a common plan to burn his own insured house." *Id.* In the present case, only evidence regarding past similar acts that the plaintiffs themselves were involved in can be admitted to show modus operandi under Federal Rule of Evidence 404(b).

The trial judge, in determining whether the act was committed, need not find that the defendants proved the extrinsic act by a preponderance of the evidence but only that the jury "could reasonably find" that the plaintiffs committed the act by a preponderance of the evidence. *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988). The evidence presented by the defendant regarding past acts engaged in by the plaintiffs is certainly sufficient to satisfy this burden; a jury could reasonably find by a

preponderance of the evidence that the plaintiffs committed the past acts alleged by the defendant.

■ The defendant in the present case seeks to call witnesses that will testify as to accidents in which none of the parties to the suit were involved. Although similar act evidence would be relevant were the plaintiffs charged with committing the past similar acts, such extrinsic act evidence is not relevant when it is parties unrelated to this litigation that are charged with committing the past acts. Even if relevant, the prejudicial impact of introducing evidence of acts by other people as evidence of the plaintiffs' modus operandi clearly outweighs any possible probative value.

■ On the issue of punitive damages for State Farm's failure to tender uninsured motorist benefits under Louisiana Revised Statute 22:658, the disputed testimony of State Farm's witnesses will be admitted. The penal sanctions of Louisiana Revised Statute 22:658 "should be imposed only in those instances in which the facts negate probable cause for nonpayment." *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085 (La.1985). Thus, the defendant must be allowed to introduce the factual basis on which it made its decision to withold benefits from the plaintiffs in order to show that probable cause for nonpayment existed.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to limit the testimony of witnesses is GRANTED to the extent that the testimony of the disputed witnesses will be used as evidence of fraud by the plaintiffs but is DENIED to the extent that the defendant will use the testimony to show probable cause for nonpayment.